FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 APR -9 PM 3: 45

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| WILLIE CLEMENT and MARSHA CLEMENT, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. CV506-104 |
| CSX TRANSPORTATION, INC. and JACKIE ADAMS, | ) ) ) | |
| Defendants. | ) ) ) | |
| CSX TRANSPORTATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CV507-08 |
| KENNETH ROBERSON, et al., | ) ) ) | |
| Defendants. | ) ) | |

## O R D E R

Before the Court are Plaintiffs Willie and Marsha Clement's Motion to Remand to State Court and Motion to Substitute Party Defendant. (CV506-104, Docs. 6 & 7.) After careful consideration and for the following reasons, Plaintiff's motions are **DENIED**.

### BACKGROUND

The above-captioned cases both arise from the same basic set of facts. Willie and Marsha Clement; Kenneth and Chris Roberson; Heather Baker; Elton and Delores James; and Jeffery and Valerie Blake are landowners who claim that CSX Transportation ("CSXT") is wrongfully blocking access to their property. The landowners

reside in a subdivision in Coffee County, Georgia where the only vehicular access is across a "long-established grade crossing" to a county road called Sunshine Loop. Until recently, CSXT operated a single track, such that the crossing was only blocked while a train was passing. Recently, however, CSXT has constructed a "sidetrack" across the grade crossing and has begun parking its trains in a way that blocks the landowners' vehicular access to their homes and property.

On November 29, 2006, Willie and Marsha Clement ("the Clements") filed suit in the Superior Court of Coffee County requesting damages, a temporary restraining order, and a permanent injunction prohibiting CSXT from blocking the right-of-way. CSXT promptly removed the action to this Court asserting diversity jurisdiction. Specifically, CSXT argued that Defendant Jackie Adams, a Georgia resident, was not a CSXT employee and had been fraudulently joined as a defendant in this case to defeat diversity jurisdiction. Six weeks later, CSXT filed a second action, CSXT v. Roberson et al., CV507-08, seeking a declaratory judgment against the remaining seven landowners.

The Clements subsequently acknowledged that Adams was erroneously listed as a defendant. They now seek to substitute CSXT employee Randy Dixon for Defendant Jackie Adams. They argue that Mr. Dixon is in charge of supervising and directing train traffic through Coffee County. Further, as the addition of Mr.

Dixon would destroy subject matter jurisdiction, Plaintiffs ask that the Court remand this case to state court. CSXT counters that the addition of Mr. Dixon would be inappropriate, in part, because he would not be able to provide the relief requested.

**ANALYSIS**

Although the Clements style the instant request as a motion to substitute party defendant under Federal Rule of Civil Procedure 25, the parties' briefs indicate that the Clements actually seek leave to amend their Complaint pursuant to Rules 15 and 21. In the absence of countervailing factors, leave to amend pleadings should be freely given. McKinley v. Kaplan, 177 F.3d 1253, 1258 (11th Cir. 1999); see also Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns., Inc., 376 F.3d 1065, 1077 (11th Cir. 2004)("leave to amend must be granted absent a specific, significant reason for denial"); Fed. R. Civ. P. 15(a) (leave to amend pleadings "shall be freely given when justice so requires"). But this permissive standard must yield to a specific statute, 28 U.S.C. § 1447(e), when a plaintiff seeks to amend her complaint following removal in a manner that would join additional defendants whose presence would destroy diversity jurisdiction. See, e.g., Bevels v. Am. States Ins. Co., 100 F. Supp. 2d 1309, 1312 (M.D. Ala. 2000) ("This court agrees with the reasoning of other federal courts that 28 U.S.C. § 1447(e), rather than Rule 15(a), should apply when a plaintiff seeks to amend a complaint to destroy

3

diversity jurisdiction after removal."); <u>Clinco v. Roberts</u>, 41 F. Supp. 2d 1080, 1086-87 & n.4 (C.D. Cal. 1999) (adopting prevailing view that § 1447(e) trumps Rule 15(a) when proposed amendment would eliminate diversity).

In determining whether joinder of a non-diverse defendant should be permitted after removal, a district court must balance the equities involved. <u>See</u> <u>Hughes v. Promark Lift, Inc.</u>, 751 F. Supp. 985, 987 (S.D. Fla. 1990). Factors to be considered are: (1) whether the plaintiff would be significantly injured if the amendment were not permitted, (2) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (3) whether the plaintiff has been dilatory in seeking amendment, and (4) any other factors bearing on the equities. <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179, 1182 (5th Cir. 1987). Upon consideration of these factors, the district court can either deny joinder or permit joinder and remand the case to state court. 28 U.S.C. § 1447(e); <u>See</u> <u>Ingram v. CSX Transp., Inc.</u>, 146 F.3d 858, 862 (11th Cir. 1998).

After considering the above factors, the Court concludes that Plaintiffs should not be permitted to add Mr. Dixon. First, Plaintiffs have not demonstrated that they would be significantly injured if the amendment is not allowed. In determining whether a plaintiff would be prejudiced by not permitting the amendment, the court should consider whether the diversity destroying defendants are "indispensable" to Plaintiff's case pursuant to Federal Rule of

4

Civil Procedure 19. Vazquez v. Lowe's Home Ctrs., Inc., 2007 WL 128823, *1 (M.D. Fla. 2007). Mr. Dixon is not an indispensable party. Although he is employed by CSXT, Mr. Dixon does not schedule or control the flow of the trains that use the side track in question. Further, he does not have any control over when or how long any particular train may block the crossing. Thus, Mr. Dixon cannot provide any of the relief sought by Plaintiffs. Second, Mr. Dixon's lack of a connection to the case suggests that his addition may have been proposed to defeat federal jurisdiction.

The fourth factor, judicial economy, also dictates that the Court should retain jurisdiction over this lawsuit. The parties are not on "equal footing." Smith v. White Consol. Indust., Inc., 229 F. Supp. 2d 1275, 1282 (N.D. Ala. 2002) "This is because of the diverse defendant's right to choose between a state or federal forum. Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes." Id. "Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to and litigate in federal court when diversity of citizenship does exist." Id.

This Court, therefore, concludes that the relevant factors and equities weigh in favor of denying the Clement's motions to substitute and remand. Their case shall remain in federal court.

## CONCLUSION

After careful consideration, the Court **DENIES** the Clement's Motion to Remand to State Court and Motion to Substitute Party Defendant. (CV506-104, Docs. 6 & 7.) Further, because the Clement's action and <u>CSXT v. Roberson et al.</u>, CV507-08, involve common questions of law and fact, the Court finds that consolidation would be in the best interest of judicial economy. <u>See</u> Fed. R. Civ. P. 42(a). For these reasons, the above-captioned cases, CV506-104 and CV507-08, are **CONSOLIDATED**. All subsequent filings shall bear the above caption and be filed under CV506-104.

SO ORDERED, this _9th_ day of April, 2007.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA